UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JEREMIAH SIDDIQUE JOHNSON EL,            :
                             Plaintiff,    :
                                       :
            -against-                :   19 Civ. 4352 (LGS)
                                       :
NEW YORK CITY ADMINISTRATION FOR         :   OPINION & ORDER
CHILDREN'S SERVICES, et al.,             :
                            Defendants.   :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       Pro se Plaintiff, a former employee of Defendant New York City Administration for Children's Services ("ACS"), brings this action against ACS, his former supervisors and one other ACS employee (collectively, "Defendants"),[1] alleging employment discrimination on account of his Muslim religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), New York City Human Rights Law, New York City Administrative Code sections 8-101 *et seq.* ("CHRL"), and New York State Human Rights Law, New York Executive Law section 296 *et seq.* ("SHRL"). Defendants' motion for summary judgment is granted for the reasons stated below.

I.    BACKGROUND

       Plaintiff was a former Special Officer employed by ACS from August 1, 2005, to July 6, 2016. The Complaint and Plaintiff's other submissions allege that, during the time he was

---

[1] Defendant ACS was inadvertently terminated from the electronic docket on June 18, 2020. The Complaint also names Defendant Horatio Lynch, who could not be served. The Court on its own initiative provided Plaintiff additional time to serve Defendant Lynch. *See* Order dated July 16, 2019, at Dkt. No. 29 and Scheduling Order dated November 5, 2019, at Dkt. No. 43. As a final attempt, the United States Marshals Service was directed to serve Defendant Lynch at his last known address as ascertained from ACS's records, which was also unsuccessful. Following the service attempts, it did not appear that proper service could be obtained, and accordingly, Defendant Lynch is dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

employed by ACS and because of his Muslim faith, Plaintiff was denied a promotion; denied accommodations; provided with different terms and duties of employment than those of similar employees, including regarding leave time; and harassed through name-calling, slander, defamation, threats of physical assault, vandalism and suspensions. The Complaint also alleges that Defendants retaliated against Plaintiff for filing complaints with ACS's in-house Equal Employment Opportunity office and the Equal Employment Opportunity Commission ("EEOC"). Following his resignation from ACS, Plaintiff filed a complaint with the New York State Department of Human Rights ("SDHR") and with the EEOC on November 4, 2016. The complaint alleged that, in violation of the SHRL, Plaintiff was retaliated against and subjected to employment discrimination based on his arrest and conviction records and his religion.

In the instant action, Plaintiff was represented by *pro bono* counsel for the limited purpose of mediation. Mediation was unsuccessful, and discovery proceeded. On June 18, 2020, and June 30, 2020, Plaintiff filed amended complaints, which were stricken as untimely per Federal Rule of Civil Procedure 15(a), because the served Defendants had already served their Answer more than 21 days prior, and Plaintiff did not provide any basis for the Court to grant leave to amend the Complaint to add new claims after discovery had been completed, Defendants' summary judgment motion had been filed, and more than six months had passed since the parties' agreed-upon deadline for filing amended complaints. Plaintiff was advised to submit an opposition to Defendants' motion for summary judgment, and per Local Rule 56.2, Defendants also filed a statement notifying Plaintiff of the potential consequences of not responding to Defendants' motion. Following an extension of the deadline, Plaintiff filed an affidavit in response to Defendants' motion. The motion is deemed fully submitted.

## II.      STANDARD

Summary judgment is appropriate where the record establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113 (2d Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In evaluating a motion for summary judgment, a court must "constru[e] the evidence in the light most favorable to the nonmoving party and draw[] all reasonable inferences and resolv[e] all ambiguities in its favor." *Wagner v. Chiari & Ilecki, LLP*, 973 F.3d 154, 164 (2d Cir. 2020) (internal quotation marks omitted). When the movant properly supports its motion with evidentiary materials, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Fed. Trade Comm'n v. Moses*, 913 F.3d 297, 305 (2d Cir. 2019) (internal quotation marks omitted). "Only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment." *Porter v. Quarantillo*, 722 F.3d 94, 97 (2d Cir. 2013) (internal quotation marks omitted); *accord Starr Indem. & Liab. Co. v. Brightstar Corp.*, 388 F. Supp. 3d 304, 323 (S.D.N.Y. 2019).

Pro se litigants are afforded "special solicitude" when "confronted with motions for summary judgment." *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988) (citation omitted); *accord Parker v. Fantasia*, 425 F. Supp. 3d 171, 177 n.2 (S.D.N.Y. 2019). "[A]n examination of the legal validity of an entry of summary judgment should . . . be[] made in light of the opposing party's *pro se* status." *Jackson v. Fed. Express*, 766 F.3d 189, 196 (2d Cir. 2014); *accord*

*Parker*, 425 F. Supp. 3d at 183.  Still, "proceeding pro se does not otherwise relieve a litigant of the usual requirements of summary judgment, and a pro se party's bald assertions unsupported by the evidence . . . are insufficient to overcome a motion for summary judgment."  *Parker*, 425 F. Supp. 3d at 183 (internal quotation marks omitted).

Here, Plaintiff did not file a formal response to Defendants' Rule 56.1 Statement but did file an affidavit signed under penalty of perjury along with other documents.  Defendants' factual assertions are not deemed uncontested and admissible.  Instead, the Court has independently reviewed the record, *see Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001), particularly construing Plaintiff's submissions liberally and interpreting them "to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted); *accord Parker*, 425 F. Supp. 3d at 183.

### III.  DISCUSSION

Defendants' motion for summary judgment is granted because Plaintiff's Title VII and state and city law claims are barred as a matter of law.

#### A.  Title VII -- Ninety-Day Time Limitation

Plaintiff's Title VII claim is dismissed because it is untimely.  A Title VII action must be filed within ninety days of receipt of the EEOC's right-to-sue notice.  *See* 42 U.S.C. § 2000e-5(f)(1); *Duplan v. City of New York*, 888 F.3d 612, 621-22 (2d Cir. 2018).  This time limitation is "analogous to a statute of limitations."  *Briones v. Runyon*, 101 F.3d 287, 290 (2d Cir. 1996) (citation omitted); *accord Martinez v. Riverbay Corp.*, No. 16 Civ. 547, 2016 WL 5818594, at *3 (S.D.N.Y. Oct. 4, 2016).  Courts have strictly enforced this requirement.  *See, e.g.*, *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 38 (2d Cir. 2011) (finding Title VII claim time-barred when an action was filed ninety-three, and not ninety, days after receipt of

4

right-to-sue notice). "Normally it is assumed that a mailed document is received three days after its mailing," and "in the absence of challenge, that a notice provided by a government agency has been mailed on the date shown on the notice." *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525-26 (2d Cir. 1996) (citations omitted); *accord Johnson v. DCM Erectors, Inc.*, No. 15 Civ. 5415, 2017 WL 1435745, at *2 (S.D.N.Y. Apr. 21, 2017). Because Plaintiff's right-to-sue letter states January 28, 2019, as the date of mailing, which is factually unchallenged, Plaintiff is presumed to have received this notice by January 31, 2019, based on the three-day mailing presumption. Assuming the notice was received by January 31, 2019, Plaintiff was required to file the Complaint by May 1, 2019, or ninety days after January 31, 2019. The Complaint was filed on May 13, 2019.

A plaintiff can rebut the three-day mailing presumption by providing "sworn testimony or other admissible evidence from which it could reasonably be inferred . . . either that the [right-to-sue] notice was mailed later than its typewritten date or that it took longer than three days to reach [the claimant] by mail." *Sherlock*, 84 F.3d at 526 (citation omitted); *accord Johnson*, 2017 WL 1435745, at *2. This includes, for example, "an affidavit by the claimant stating the actual date of receipt (or lack thereof)." *Comrie v. Bronx Lebanon Hosp.*, 133 F.3d 906 (2d Cir. 1998) (citations omitted); *accord Rodriguez v. Town of Ramapo*, 412 F. Supp. 3d 412, 433 (S.D.N.Y. 2019). A claimant's "lack of recollection" of when he received the letter does not suffice to rebut the presumption. *See Sherlock*, 84 F.3d at 526.

Here, the evidence is not sufficient to rebut the three-day presumption. A reasonable factfinder could not adduce from the evidence that the right-to-sue notice was either mailed later than the date of mailing or took longer than three days to reach Plaintiff. Plaintiff's deposition testimony and statements made in his affidavit establish that Plaintiff has at times experienced

5

problems with his mail; however, the evidence does not address to what extent the right-to-sue notice in particular was delayed.  Plaintiff testified that he cannot remember when he received the letter.  In his affidavit, Plaintiff attests that the "notices from EEO[C] possibly did go to the wrong address."  Yet the Complaint attaches the right-to-sue letter and, in response to the question "When did you receive the Notice?" states that it was "very late due to misplace[ment] by postal worker."  When asked to explain this statement, Plaintiff testified at his deposition that sometimes his neighbor may reach out explaining he held his mail for about a week or a couple of days.  When asked if this issue occurred with the notice, he stated generally, "Perhaps, because if I wrote that, then that's pretty much what happened."  A notarized letter, presumably from Plaintiff's neighbor, further supports that "there are times" that mail is delivered to the "other side of the building or someone else['s] mailbox," that "[s]ometimes" the mail goes to other tenant's boxes and that "[t]here are incidents" when the mail goes to "Rockaway Parkway."

       To find Plaintiff's lawsuit timely, a reasonable factfinder would be required to find that Plaintiff's right-to-sue letter was delayed and received no earlier than eleven business days after it was mailed.  It would be unduly speculative, without other corroborating evidence, to make this finding based on the evidence presented.  Construed in the light most favorable to Plaintiff, the evidence shows that Plaintiff has experienced general mailing issues that have caused delays in receiving mail as long as a week.  This evidence is insufficient to rebut the three-day presumption.  *See, e.g.*, *Inman v. City of New York*, No. 08 Civ. 8239, 2011 WL 4344015, at *5 (S.D.N.Y. Sept. 13, 2011) (declaration stating that the plaintiff received the right-to-sue notice "shortly before" a July 30, 2008, meeting with her attorney is "insufficient to rebut the presumption that Plaintiff received the 'right-to-sue' notice" on the presumed date of receipt)

(citation omitted); *Payan v. Aramark Mgmt. Servs. Ltd. P'ship.*, 495 F.3d 1119, 1126 (9th Cir. 2007) (rejecting proffer of evidence that would show "nothing with respect to the receipt of the right-to-sue letter specifically, nor . . . suggest a routine mail failure that necessarily would affect the right-to-sue letter"); *cf. Comrie*, 133 F.3d at 906 (remanding "with instructions to conduct an evidentiary hearing on the limited issue of when [the plaintiff] received the notice" of right-to-sue, where the plaintiff submitted an affidavit specifying a date of receipt contrary to the presumed date of receipt). The Court is mindful that Plaintiff is proceeding *pro se*. While the submissions, liberally construed, seek to challenge the three-day mailing presumption, the evidence falls short of creating a sufficient factual basis to doubt the legally presumed date of receipt. Without sufficient evidence to the contrary, the right-to-sue notice is presumed to have been received by Plaintiff on January 31, 2019, and the lawsuit is untimely.

There also is no evidence to warrant excusing the filing deadline by applying a doctrine called equitable tolling. At his deposition, after stating that he could not remember when he received the notice, Plaintiff testified that he was told -- presumably when he submitted his complaint -- that he "was able to still file in regards to that letter." As a technical matter, this advice was correct, as Plaintiff could and did file the complaint; but he was not told that his filing would result in a timely federal claim. In any event, there is no suggestion that Plaintiff delayed his filing based on this advice, or that he was tricked or misled into allowing the filing deadline to pass. Accordingly, the ninety-day time limitation bars Plaintiff's Title VII claim as untimely.

### B. SHRL and CHRL -- Election of Remedies

Plaintiff's remaining claims -- those brought under the SHRL and the CHRL -- are precluded by the election of remedies doctrine. "[A] party can only exercise a statutory or code-

created right of action as the statute or code provides." *York v. Ass'n. of B. of City of New York*, 286 F.3d 122, 127 (2d Cir. 2002); *accord Garcia v. Yonkers Bd. of Educ.*, 188 F. Supp. 3d 353, 364 (S.D.N.Y. 2016). The terms of the SHRL and CHRL each prohibit the filing of claims under the statute in a court of law when the same claims were previously brought before the SDHR. *See* N.Y. Exec. L. § 297(9); N.Y.C. Admin. Code § 8-502; *see also York*, 286 F.3d at 126-27 (the language of both CHRL and SHRL are nearly identical and "discussion of the latter applies equally to the former"); *accord Carrington v. New York City Hum. Resources Admin.*, No. 19 Civ. 10301, 2020 WL 2410503, at *4 (S.D.N.Y. May 12, 2020). The exception is if the claims were dismissed by the agency for administrative inconvenience. *See York*, 286 F.3d at 127 n.2. In the absence of such dismissal, "once a plaintiff brings a case before the [SDHR], he or she may appeal only to the Supreme Court of State of New York." *York*, 286 F.3d 122, 127 (2d Cir. 2002) (citing N.Y. Exec. Law section 298); *accord Garcia*, 188 F. Supp. 3d at 365 (S.D.N.Y. 2016). The election of remedies bar applies to claims previously litigated before the SDHR and also to claims arising out of the same incident or operative events on which the SDHR complaint was based. *See Emil v. Dewey*, 406 N.E.2d 744 (1980); *see also Woolfolk v. New York City Dep't. of Educ.*, No. 19 Civ. 3706, 2020 WL 1285835, at *8 (S.D.N.Y. Mar. 18, 2020). The election of remedies bar divests the court of subject matter jurisdiction, which means that when the bar applies, the court does not have the power to hear the claims. *See Moodie v. Fed. Reserve Bank of N.Y.*, 58 F.3d 879, 882, 884 (2d Cir. 1995); *accord Carrington*, 2020 WL 2410503, at *4.

The election of remedies bar requires dismissal of Plaintiff's SHRL and CHRL claims because the Court does not have the power to adjudicate them. The SDHR complaint alleges that ACS discriminated against Plaintiff during his employment with the most recent act of

discrimination occurring on February 3, 2016.  Plaintiff asserted that he was "bullied by supervisors, denied a promotion, and denied a[] religious accommodation request," because of his Muslim creed, among other bases.  The SDHR complaint also reflects that he claimed that he was suspended, disciplined, provided different job duties than other workers in the same title, denied leave time, and harassed with rumors, denial of bathroom breaks and physical provocations.  Plaintiff also alleged that he was retaliated against for having filed prior discrimination complaints.

The allegations in the instant Complaint and Plaintiff's other submissions differ from those heard by the SDHR only in detail -- for example, by including additional named defendants -- and legal theory -- here, Plaintiff brings CHRL claims in addition to SHRL claims, where only SHRL claims were brought before the SDHR.  However, because the instant allegations elaborate on conduct previously raised in the SDHR complaint, the election of remedies doctrine still applies.  *See Black v. Anheuser-Busch in Bev*, No. 14 Civ. 2693, 2016 WL 3866583, at *5 (S.D.N.Y. July 13, 2016) ("A different pled form of relief arising out of the same incident forming the basis of the claims before the [SDHR] is likewise barred by the election of remedies provision."); *Martin v. MTA Bridges and Tunnels*, No. 06 Civ. 3125, 2008 WL 2796640, at *2 (S.D.N.Y. July 17, 2008) ("Plaintiff cannot get around [the election of remedies] bar by bringing suit against the individual defendants.").  There are no allegations of new discriminatory conduct relating to claims in the initial Complaint that were not brought before the SDHR.  *See, e.g., Carrington*, 2020 WL 2410503, at *4 (finding alleged disciplinary charges were not "another iteration of conduct previously raised in the SDHR complaint" but a "fresh instance of alleged retaliation in response to Plaintiff's SDHR complaint").  Because the SDHR determined, following an investigation, that there was no probable cause to believe that ACS engaged in or

9

was engaging in the alleged discriminatory practices, the election of remedies bar applies.

The Court is sympathetic that Plaintiff is in disagreement with the SDHR's determination. Unfortunately, if Plaintiff sought to challenge the adverse rulings by the SDHR, the statutory and code schemes required that Plaintiff appeal that ruling in state court. This Court cannot hear Plaintiff's SDHR and CHRL claims.

### C. Additional Requests

Plaintiff's submission in opposition to Defendants' motion for summary judgment appears to request to amend his initial complaint and to compel production of certain evidence. Specifically, Plaintiff's affidavit appears to allege new causes of action, including fraud, violation of due process, perjury and emotional distress, based in part on new events that occurred after Plaintiff's employment with ACS. These new claims appear the same as those alleged in the amended complaints previously filed on June 18, 2020, and June 30, 2020, which were stricken as untimely per the Orders dated June 22, 2020, and July 6, 2020, respectively. As the Court previously explained, these new claims, including those related to Defendants' actions after Plaintiff's employment at ACS, are untimely brought in this action, and to the extent Plaintiff requests to amend his Complaint, the request is denied. In light of the dismissal of all claims brought in the initial Complaint, Plaintiff's discovery requests are denied as moot.

### IV.   CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment is granted. Plaintiff is advised that, although the relevant laws require dismissal of the claims alleged in his initial Complaint, this Opinion does not address the merits of any new claims Plaintiff sought to add in his submissions filed on June 18, 2020, June 30, 2020, and July 13, 2020. In other words, while this action is now closed, this Opinion does not prevent Plaintiff from bringing his new

claims by filing a new lawsuit in the appropriate court (state or federal).

The Clerk of Court is respectfully directed to close the action and to mail a copy of this Opinion and Order to pro se Plaintiff.

Dated: January 28, 2021
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**