UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                :

JEREMIAH JOHNSON EL,               :          19 Civ. 4352 (LGS)
                   Plaintiff,    :
                                :             ORDER
         -against-          :
                                :

NYC ADMINISTRATION CHILDREN    :
SERVICES, et al.,                  :
                  Defendants.  :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on January 28, 2021, Defendants' motion for summary judgment was

granted and judgment entered in favor of Defendants (Dkt. Nos. 76 and 77).  Per the Notice of

Right to Appeal, pro se Plaintiff was advised that the deadline to file a notice of appeal is thirty

days after the judgment (Dkt. No. 77).

      WHEREAS, on February 22, 2021, Plaintiff filed a motion requesting a thirty- to ninety-

day extension of time to file a notice of appeal, explaining that he is "[c]urrently out of town on

business," and that he is also gathering more evidence for his claims (Dkt. No. 78).  It is hereby

      **ORDERED** that Plaintiff's motion for an extension to file a notice of appeal is denied.

      Federal Rule of Appellate Procedure 4(a)(5) gives a district court the discretion to extend

a party's time to file a notice of appeal only if the party "shows excusable neglect or good

cause."  Fed. R. App. P. 4(a)(5).  "The excusable neglect standard applies in situations in which

there is fault . . . .  The good cause standard applies in situations in which there is no fault --

excusable or otherwise."  Fed. R. App. P. 4, Advisory Committee Notes, Subdivision

(a)(5)(A)(ii).  The Supreme Court has described the "excusable neglect" standard as requiring an

"equitable" determination "taking account of all relevant circumstances surrounding the party's

omission." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392, 395 (1993) (citation omitted); *In re Pinnock*, 833 F. App'x 498, 501 (2d Cir. 2020) (summary order). In deciding whether neglect is excusable, the Second Circuit focuses on "the reason for the delay, including whether it was within the reasonable control of the movant." *In re Pinnock*, 833 F. App'x at 501 (citations omitted). Other factors include the danger of prejudice, the length of delay and whether the movant acted in good faith. *See Pioneer*, 507 U.S. at 395. "[T]he liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedure and substantive law." *Franza v. Stanford*, No. 16 Civ. 7635, 2019 WL 452053, at *4 (S.D.N.Y. Feb. 5, 2019).

While Plaintiff's motion is timely -- as it was made before the expiration of his time to file a notice of appeal -- it is denied, because Plaintiff has not made a showing of excusable neglect or good cause for why he cannot timely file a notice of appeal. Plaintiff's first justification for an extension is based on out-of-town business travel. Plaintiff does not offer any reason why this travel would have interfered with the act of filing a notice of appeal in the thirty-day period following the judgment. *See Chiulli v. I.R.S.*, 03 Civ. 6670, 2005 WL 3021179, at *3 (S.D.N.Y. Sept. 21, 2005) (no excusable neglect or good cause shown where "Plaintiffs do not explain why they chose to give their travel plans priority over the legal requirements necessary to take an appeal," observing that "if personal preference or convenience were sufficient to take priority over the deadlines set in the Federal Rules of Civil or Appellate Procedure, all deadlines would become meaningless"); *Bass v. NYNEX*, No. 02 Civ. 5171, 2004 WL 2674633 (S.D.N.Y. Nov. 23, 2004) (denying a motion for an extension of time to file an appeal where the plaintiff, a traveling salesman, explained that his work "takes up a lot of his time"). "The filing of a Notice of Appeal entails a simple procedure requiring minimal effort, a matter that can be accomplished

2

by filling out a one-page pre-printed form available on the Court's website.  Compliance with the rule does not demand any specialized skills or the services of appellate counsel." *Zubair v. EnTech Engr. P.C.*, 900 F. Supp. 2d 362, 363 (S.D.N.Y. 2013), *aff'd*, 550 F. App'x 59 (2d Cir. 2014) (summary order).

Plaintiff's second justification -- that he requires time to gather evidence -- also does not meet the "excusable neglect" or "good cause" standards, as it too does not explain why Plaintiff cannot timely file a notice of appeal.  Review of the record is generally unnecessary at this juncture and before filing a notice of appeal.  Moreover, Plaintiff is advised that the Court of Appeals "will not consider new evidence [presented for the first time on appeal] absent extraordinary circumstances." *Munn v. Hotchkiss Sch.*, 795 F.3d 324, 330 (2d Cir. 2015) (internal quotation marks omitted); *accord Buhannic v. TradingScreen, Inc.*, 779 F. App'x 52, 53 (2d Cir. 2019) (summary order).  Plaintiff has thus not shown excusable neglect or good cause required for an extension of time to file a notice of appeal.

The Clerk of Court is respectfully directed to mail a copy of this Order to pro se Plaintiff and to close Docket No. 78.

Dated: February 25, 2021
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE